# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WADE BUTLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD VALENZUELA, Warden,<br><br>　　　　Respondent. | Case No. CV 15-9123 PA (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

　　　The Court dismisses the action with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

　　　　　　　　　　　　　　＊ ＊ ＊

　　　This is a state habeas case. Petitioner sought to challenge his 2009 convictions for fraud, theft, and perjury. This is his third habeas action in federal court related to those convictions. His current habeas action asserts claims regarding the effectiveness of his lawyers and certain jury instructions given at trial.

1  Magistrate Judge Wilner screened the petition in November 2015 shortly
2  after its filing. Judge Wilner issued an order indicating that the petition was likely
3  untimely and (as Petitioner admitted in his filing) successive under AEDPA.
4  (Docket # 3.) Judge Wilner ordered Petitioner to file a memorandum showing why
5  the case should not be summarily dismissed.
6  Petitioner was transferred within the state prison system and ultimately
7  released from custody in the months following the initiation of the action. He
8  requested and received extensions of time to respond to the Court's screening
9  order. He also provided address updates for the Court. (Docket # 7-14.)
10 Petitioner's response to the timeliness / successiveness order was due in early
11 April 2016.
12 Petitioner did not file a timely response. Judge Wilner subsequently issued
13 an order to show cause why the action should not be dismissed based on
14 Petitioner's failure to prosecute the case and obey the Court's screening order.
15 (Docket # 17.) The order warned that failure to respond would lead to a
16 recommendation of dismissal. Petitioner failed to file any response to the OSC.
17 The Court has not received any filing from Petitioner since his last change of
18 address in early March 2016.

\* \* \*

20 Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with
21 these rules or a court order, a defendant may move to dismiss the action or any
22 claim against it." Dismissal also may be ordered by the Court sua sponte. Link v.
23 Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under
24 Rule 41 may be appropriate to advance the public's interest in the expeditious
25 resolution of litigation, the court's need to manage its docket, and to avoid the risk
26 of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir.
27 2010). Additionally, a court should consider the public policy favoring disposition
28

of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

In the present action, the Court finds dismissal is appropriate. Petitioner failed to respond to the Court's original screening order identifying obvious problems with the successive and untimely habeas petition. He then failed to respond to the magistrate judge's OSC regarding his lack of compliance. Plaintiff's failure to respond to the Court's orders demonstrates that he has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. Omstead, 594 F. 3d at 1084. The Court finds that dismissal is appropriate under Rule 41(b). Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

Accordingly, for the reasons stated above, this action is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: June 3, 2016      _____
HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

3